**Richard C. Hunt,** OSB No. 680770
rhunt@barran.com
**Edwin A. Harnden**, OSB No. 721129
eharnden@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

**MATTHEW SWANSON**,

Plaintiff,

v.

**CLACKAMAS COUNTY SHERIFF'S OFFICE**, a political subdivision of Clackamas County, Oregon; **CLACKAMAS COUNTY SHERIFF CRAIG ROBERTS**, in his individual capacity; and through the CLACKAMAS COUNTY SHERIFF'S OFFICE; **CLACKAMAS COUNTY UNDERSHERIFF MATT ELLINGTON**, in his individual capacity; and through the CLACKAMAS COUNTY SHERIFF'S OFFICE,

Defendants.

**CV.________________**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**

Defendants Clackamas County Sheriff's Office ("CCSO"), a political subdivision of Clackamas County, Oregon; Clackamas County Sheriff Craig Roberts ("Roberts"); and Clackamas County Undersheriff Matt Ellington ("Ellington") (collectively "Defendants"), in answer to the complaint of Plaintiff Matthew Swanson ("Swanson" or "Plaintiff"), state as follows.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

1.

Answering paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff's allegations assert or attempt to assert claims under the named statutes, but deny that such claims are appropriate.

2.

Answering paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiff's allegations assert or attempt to assert claims under the named statutes, but deny that such claims are appropriate.

3.

Answering paragraph 3 of Plaintiff's Complaint, Defendants admit that venue is proper in this court but Defendants deny that Plaintiff has accurately stated the basis for venue.

4.

Answering paragraph 4 of Plaintiff's Complaint, Defendants state as follows: Defendants admit that Defendant Roberts was the elected Sheriff of Clackamas County, Oregon and admit that Plaintiff purports to sue Roberts in his individual capacity. Defendants deny the remaining allegations of paragraph 4.

5.

Answering paragraph 5 of Plaintiff's Complaint, Defendants state as follows: Defendants admit that Defendant Ellington was serving as the Undersheriff of Clackamas County, Oregon and admit that Plaintiff purports to sue Ellington in his individual capacity. Defendants deny the remaining allegations of paragraph 5.

6.

Answering paragraph 6 of Plaintiff's Complaint, Defendants state as follows: Defendants admit that Clackamas County Sheriff's office ("CCSO") is a department within Clackamas County and that Defendants Roberts and Ellington were acting in accordance with law and/or Clackamas County policies. Defendants deny the remaining allegations of paragraph 6.



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

7.

Answering paragraph 7 of Plaintiff's Complaint, Defendants admit that Plaintiff was a public employee and that Plaintiff's allegations assert or attempt to assert claims under the named statutes.

8.

Answering paragraph 8 of Plaintiff's Complaint, Defendants admit that on or about November 27, 2017 Plaintiff delivered an Oregon Tort Claim Notice and that more than thirty days have passed since the November 27, 2017 Notice. Defendants deny the remaining allegation of paragraph 8.

9.

Answering paragraph 9 of Plaintiff's Complaint, Defendants state that ORS 659A.203 is partially excerpted in paragraph 9 and admit that as to those partial excerpts Plaintiff has accurately copied the language, but deny that paragraph 9 contains the full text of the law.

10.

Answering paragraph 10 of Plaintiff's Complaint, Defendants state that at times and for certain decisions certain defendants acted under the color and in accordance with the law but lack further knowledge as to the extent of the allegations of paragraph 10, and for that reason Defendants deny paragraph 10.

11.

Answering paragraph 11 of Plaintiff's Complaint, Defendants admit that ORS 659A.885 sets forth grounds for an award of attorney's fees and costs, but Defendants deny that Plaintiff is entitled to an award of attorney's fees and costs.

12.

Answering paragraph 12 of Plaintiff's Complaint, Defendants admit that Plaintiff was first employed by CCSO of Clackamas County on May 24, 2000 and that he has been a full-time employee since employed and is currently employed as a sergeant and that he is certified by the



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Department of Public Safety Standards and Training (DPSST) and has been a sworn peace officer in the state of Oregon for over 20 years.

13.

Answering paragraph 13 of Plaintiff's Complaint, Defendants admit that Plaintiff listed on his resume that he was a United States Marine from 1993 to 1997 and that he was honorably discharged from the Marine Corps, and that he served as a police officer for the City of Sweet Home, that Plaintiff was hired as a deputy sheriff of CCSO on May 24, 2000, that he was promoted to the position of detective on March 1, 2009, and that he was promoted to sergeant on February 21, 2011. Defendants also admit that Plaintiff at times performed various collateral duties, including serving on the CCSO SWAT team, serving as a field training officer, serving as a SWAT sniper team leader, serving as a perimeter team leader, serving as an active shooter instructor, and serving as less lethal munitions instructor. Defendants deny the remaining allegations of paragraph 13.

14.

Answering paragraph 14 of Plaintiff's Complaint, Defendants admit that pursuant to the collective bargaining agreement in February of 2015 Plaintiff bumped into a position in which he would supervise day shift personnel in the City of Wilsonville Police Department. Defendants lack information and knowledge to respond to the remaining allegations as to Plaintiff's observations and state of mind in February of 2015 and on that basis deny the remaining allegations of paragraph 14.

15.

Answering paragraph 15 of Plaintiff's Complaint, Defendants admit that some of Detective Green's cases were reassigned to other patrol deputies in Wilsonville. Defendants deny the remaining allegations of paragraph 15.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

16.

Answering paragraph 16 of Plaintiff's Complaint, the allegations in that paragraph are overly broad, vague, and not capable of precise response such as allegations regarding "inappropriate conduct," "command staff," "ranking member of CCSO," "work restrictions," and "anyone." Defendants lack information and knowledge to respond to paragraph 16 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 16.

17.

Answering paragraph 17 of Plaintiff's Complaint, Defendants admit that Plaintiff made an oral complaint to Lieutenant William Behan, who at the time was supervisor of Internal Affairs, that Lieutenant Behan was off on the day that Plaintiff made his oral complaint by telephone, and that Lieutenant Behan suggested that if Plaintiff wished to make a complaint about Detective Green that he should submit the complaint in writing through the appropriate data base. Defendants further state that when Plaintiff submitted a written complaint that Behan and Rhodes suggested Plaintiff consider certain changes to his complaints as to avoid an assertion that his complaint was biased. Defendants deny the remaining allegations of paragraph 17.

18.

Answering paragraph 18 of Plaintiff's Complaint, Defendants admit that Captain James Rhodes and Lieutenant Jeff Smith had at times prior to February of 2015 supervised Detective Green, but Defendants deny the remaining allegations of paragraph 18.

19.

Answering paragraph 19 of Plaintiff's Complaint, Defendants admit that Plaintiff submitted a written complaint regarding Detective Green and that Lieutenant Jeff Smith suggested that certain portions of the complaint be revised to make it more accurate or professional, and avoid an assertion by others that Plaintiff was biased and not objective. Defendants are unable to respond to the allegations of paragraph 19 regarding Exhibit A because Exhibit A has not been



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

attached to Plaintiff's Complaint served in Clackamas County. Defendants deny the remaining allegations of paragraph 19.

20.

Answering paragraph 20 of Plaintiff's Complaint, Defendants admit that Lieutenant Smith discussed with Plaintiff Plaintiff's written complaint and made some suggested revisions and that Plaintiff declined to make the suggested revisions. Defendants also admits that Lieutenant Smith may have used the word "Dick," but Defendants lack information and knowledge regarding the remaining allegations of paragraph 20 and on that basis deny those allegations.

21.

Answering paragraph 21 of Plaintiff's Complaint, Defendants admit that Captain James Rhodes and Plaintiff discussed Plaintiff's Complaint. Defendants deny the remaining allegations of paragraph 21.

22.

Answering paragraph 22 of Plaintiff's Complaint, Defendants admit that Plaintiff declined to modify his written complaint regarding Detective Green, but Defendants deny the remaining allegations of paragraph 22.

23.

Answering paragraph 23 of Plaintiff's Complaint, Defendants state the allegations are vague and not capable of a precise response. Defendants lack information and knowledge to respond to allegations contained in paragraph 23 because Plaintiff has not identified the person or persons involved, the specific events or conduct and dates involved, and for that reason Defendants deny the allegations of paragraph 23.

24.

Answering paragraph 24 of Plaintiff's Complaint, Defendants state that the allegations regarding the conduct of Rhodes, Smith, and Behan are vague in that those allegations do not identify the "conduct" and do not identify how the conduct was "untrue," and on that basis



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Defendants deny Plaintiff's allegations regarding the conduct of Rhodes, Smith, and Behan. Defendants deny the remaining allegations of paragraph 24.

25.

Answering paragraph 25 of Plaintiff's Complaint, Defendants lack information and knowledge to respond to paragraph 25 because Plaintiff has not identified the "fellow worker," the "information leaked," the "conduct," or the "policy," and for that reason Defendants deny the allegations of paragraph 25.

26.

Answering paragraph 26 of Plaintiff's Complaint, Defendants lack information and knowledge to respond to paragraph 26 because Plaintiff has not identified CCSO's "policy," the dates involved, the "colleague," or the "veiled threat," and for that reason Defendants deny the allegations of paragraph 26.

27.

Answering paragraph 27 of Plaintiff's Complaint, Defendants admit that Detective Jeff Green retired, that a retirement gathering was held on April 16, 2015, that Green was given a retirement badge and an identification card identifying that he is a retired detective, and that he was never placed on administrative leave. Defendants deny the remaining allegations of paragraph 27.

28.

Defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

29.

Answering paragraph 29 of Plaintiff's Complaint, Defendants admit that in or around September 2015 Detective Eric Lee was assigned to the Wilsonville Police Department and was directed to audit cases that had been investigated by Detective Green from 2009 to 2015, but Defendants deny the remaining allegations of paragraph 29.



**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

30.

Defendant deny the allegations of paragraph 30 of Plaintiff's Complaint.

31.

Defendant deny the allegations of paragraph 31 of Plaintiff's Complaint.

32.

Plaintiff has omitted paragraph 32 of his Complaint and as a consequence Defendants are unable to respond.

33.

Answering paragraph 33 of Plaintiff's Complaint, Defendants state that the allegations of paragraph 33 are vague, do not provide sufficient information, are not capable of a precise response, are in the nature of a narrative, and for those reasons Defendants deny the allegations of paragraph 33.

34.

Answering paragraph 34 of Plaintiff's Complaint, Defendants admit that Plaintiff obtained a copy of the Form F-4 signed by Undersheriff Ellington on April 6, 2015 and submitted to DPSST, but Defendants deny that Defendant Ellington made any false declaration to DPSST and for that reason deny the allegations of paragraph 34.

35.

Answering paragraph 35 of Plaintiff's Complaint, Defendants admit that Plaintiff met with Defendant Ellington and Defendant Roberts on February 16, 2016. Defendants further state that the allegations of paragraph 35 are vague, confusing and not capable of a precise response. Defendants deny the remaining allegations of paragraph 35.

36.

Answering paragraph 36 of Plaintiff's Complaint, Defendants state that the allegations are vague, and are not capable of a precise response. Defendants lack information and knowledge to respond to certain allegations because Plaintiff has not identified the specific events or dates. In



**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

further answer to paragraph 36, Defendants state that in or around July of 2015 six sergeants, including Plaintiff, applied for the position of lieutenant, that one of the applicants withdrew, and that Plaintiff was one of four sergeants who were not picked for the open lieutenant position. Also in or around January-February 2017 five sergeants, including Plaintiff, applied for two lieutenant position openings. Plaintiff was one of three sergeants who was not selected for one of these two openings. Defendants deny each and every allegation of paragraph 36 not specifically admitted herein.

37.

Answering paragraph 37 of Plaintiff's Complaint, Defendants admit that Wilsonville station is a satellite office of CCSO away from the main office in Clackamas and that some but not all CCSO lieutenants and captains maintain offices at the main headquarters of CCSO in Clackamas. Defendants deny the remaining allegations of paragraph 37.

38.

Answering paragraph 38 of Plaintiff's Complaint, Defendants state that the allegations are vague and not capable of a precise response. Defendants lack information and knowledge to respond to paragraph 38 because Plaintiff has not identified the outside law enforcement agency, has not defined "review," and has not identified the dates involved, and for that reason Defendants deny the allegations of paragraph 38.

39.

Answering paragraph 39 of Plaintiff's Complaint, Defendants admit that Captain Kevin Poppen assigned Detective Eric Lee to audit Detective Green's cases back to 2009, but Defendants lack information and knowledge regarding the remaining allegations of paragraph 39 and for that reason Defendants deny those remaining allegations. Further, Defendants specifically deny that Eric Lee was offered a promotion to the position of sergeant in exchange for his handling of the audit of Detective Green's cases or any transaction he may have had with the District Attorney's Office.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

40.

Answering paragraph 40 of Plaintiff's Complaint, Defendants lack information and knowledge to respond to paragraph 40 because Plaintiff has not identified various persons involved ("a CCSO employee," "senior management with the City," "a Chief of Wilsonville"), the specific conduct or events involved, and the dates involved in the allegations, and for that reason Defendants deny the allegations of paragraph 40.

41.

Answering paragraph 41 of Plaintiff's Complaint, Defendants state that Plaintiff has not identified the person or persons involved or specific dates. Defendants deny the allegations of paragraph 41.

42.

Answering paragraph 42 of Plaintiff's Complaint, Defendants admit that on May 18, 2017 Plaintiff met with Defendant Roberts and Lieutenant Adam Phillips and that Defendant Roberts thanked Plaintiff for bringing Detective Green's actions to light and stated that if Plaintiff had any harassment or retaliation claim that claim should be reported to Defendant Roberts or Lieutenant Phillips. Plaintiff's additional allegations regarding alleged statements that were made during the course of the May18, 2017 meeting are vague, incomplete, and not capable of a precise response and on that basis Defendants deny the remaining allegations of paragraph 42.

43.

Answering paragraph 43 of Plaintiff's Complaint, Defendants admit that Defendant Roberts asked Chief Deputy Chris Hoy to conduct an inquiry into Plaintiff's allegations made at the May 18, 2017 meeting between Plaintiff and Sheriff Roberts and that Hoy did conduct an inquiry to determine whether statements made by Plaintiff in the May 18, 2017 meeting were new allegations or were allegations that had previously been investigated. Defendants deny the remaining allegations of paragraph 43.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

44.

Answering paragraph 44 of Plaintiff's Complaint, Defendants admit that Defendant Roberts asked Chief Deputy Chris Hoy to conduct an inquiry and that Hoy did conduct an inquiry. Defendants further admit that Hoy asked the County Human Resources Department to follow up with Plaintiff regarding any retaliation claim of Plaintiff. Defendants deny the remaining allegations of paragraph 44.

45.

Answering paragraph 45 of Plaintiff's Complaint, Defendants lack information and knowledge to respond to paragraph 45 because Plaintiff has not identified the individual at County Human Resources who allegedly made comments to Plaintiff, and for that reason Defendants deny the allegations of paragraph 45.

46.

Answering paragraph 46 of Plaintiff's Complaint, Defendants admit that Lieutenant Jeff Smith was promoted to the position of captain in November of 2016. Defendants specifically deny that Jeff Smith mishandled the Detective Green matter. Defendants lack information regarding the remaining allegations of paragraph 46 and on that basis deny those allegations.

47.

Answering paragraph 47 of Plaintiff's Complaint, Defendants admit that there is a Twitter account that references the Police Professionals for Law Enforcement Accountability ("PPROLEA"), but Defendants deny the remaining allegations of paragraph 47.

48.

Answering paragraph 48 of Plaintiff's Complaint, Defendants admit that Plaintiff was promoted to the position of sergeant in February of 2011. Defendants lack information and knowledge to respond to paragraph 48 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 48.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

49.

Answering paragraph 49 of Plaintiff's Complaint, Defendants lack information and knowledge to respond to paragraph 49 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 49.

50.

Answering paragraph 50 of Plaintiff's Complaint, Defendants lack information and knowledge to respond to paragraph 50 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 50.

51.

Answering paragraph 51 of Plaintiff's Complaint, Defendants lack information and knowledge to respond to paragraph 51 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 51.

52.

Answering paragraph 52 of Plaintiff's Complaint, Defendants lack information and knowledge to respond to paragraph 52 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 52.

53.

Answering paragraph 53 of Plaintiff's Complaint, Defendants state that the allegations of paragraph 53 are merely rhetoric to which no response is required; however, to the extent a response is required, Defendants deny the allegations of paragraph 53.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

54.

Answering paragraph 54 of Plaintiff's Complaint, Defendants state the allegations are vague and not capable of a precise response and therefore Defendants lack information and knowledge to respond to paragraph 54 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 54.

55.

Answering paragraph 55 of Plaintiff's Complaint, the allegations in that paragraph are not capable of a precise response. Defendants further state that they lack information and knowledge to respond to paragraph 55 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 55.

56.

Answering paragraph 56 of Plaintiff's Complaint, Defendants state the allegations are vague and not capable of a precise response. Defendants lack information and knowledge to respond to paragraph 56 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 56.

57.

Answering paragraph 57 of Plaintiff's Complaint, Defendants state the allegations are vague and not capable of a precise response. Defendants lack information and knowledge to respond to paragraph 57 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 57.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

58.

Answering paragraph 58 of Plaintiff's Complaint, Defendants state the allegations are vague and not capable of a precise response. Defendants lack information and knowledge to respond to paragraph 58 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 58.

59.

Answering paragraph 59 of Plaintiff's Complaint, Defendants state the allegations are vague and not capable of a precise response. Defendants lack information and knowledge to respond to paragraph 59 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 59.

60.

Answering paragraph 60 of Plaintiff's Complaint, Defendants state the allegations are vague and not capable of a precise response. Defendants lack information and knowledge to respond to paragraph 60 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 60.

61.

Answering paragraph 61 of Plaintiff's Complaint, Defendants state the allegations are vague and not capable of a precise response. Defendants lack information and knowledge to respond to paragraph 61 because Plaintiff has not identified the person or persons involved, the specific events or conduct, and the specific dates involved and for that reason Defendants deny the allegations of paragraph 61.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

62.

Answering paragraph 62 of Plaintiff's Complaint, Defendants admit that on or about December 3, 2016 Lieutenant Adam Phillips replaced Lieutenant Smith as Chief of Police in Wilsonville. Defendants deny the remaining allegations of paragraph 62.

63.

Answering paragraph 63 of Plaintiff's Complaint, Defendants state that Plaintiff was informed that it was reported by a deputy that Plaintiff had suggested that the deputy seek other employment outside of the Clackamas County Sheriff's Office. Defendants deny the remaining allegations of paragraph 63.

64.

Answering paragraph 64 of Plaintiff's Complaint, Defendants state that Plaintiff was informed that it was reported by a deputy that Plaintiff had suggested that the deputy seek other employment outside of the Clackamas County Sheriff's Office. Defendants deny the remaining allegations of paragraph 64.

65.

Defendants deny the allegations of paragraph 65 of Plaintiff's Complaint.

66.

Answering paragraph 66 of Plaintiff's Complaint, Defendants state that the allegations are vague and are not capable of a precise response. Defendants lack information and knowledge to respond to certain allegations because Plaintiff has not identified the specific events or dates. In further answer to paragraph 66, Defendants state that in or around July of 2015 six sergeants, including Plaintiff, applied for the position of lieutenant, that one of the applicants withdrew, and that Plaintiff was one of four sergeants who were not picked for the open lieutenant position. Also in or around January-February 2017 five sergeants, including Plaintiff, applied for two lieutenant position openings. Plaintiff was one of three sergeants who was not selected for one of these two



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

openings. Defendants deny each and every allegation of paragraph 66 not specifically admitted herein.

67.

Defendants deny paragraph 67 of Plaintiff's Complaint.

68.

Answering paragraph 68 of Plaintiff's Complaint, Defendants state that the allegations are vague and are not capable of a precise response. Defendants lack information and knowledge to respond to certain allegations because Plaintiff has not identified the specific events or dates. In further answer to paragraph 68, Defendants state that in or around July of 2015 six sergeants, including Plaintiff, applied for the position of lieutenant, that one of the applicants withdrew, and that Plaintiff was one of four sergeants who were not picked for the open lieutenant position. Also in or around January-February 2017 five sergeants, including Plaintiff, applied for two lieutenant position openings. Plaintiff was one of three sergeants who was not selected for one of these two openings. Defendants deny each and every allegation of paragraph 68 not specifically admitted herein.

69.

Defendants deny the allegations of paragraph 69 of Plaintiff's Complaint.

70.

Defendants deny the allegations of paragraph 70 of Plaintiff's Complaint.

71.

Defendants deny the allegations of paragraph 71 of Plaintiff's Complaint.

72.

Defendants deny the allegations of paragraph 72 of Plaintiff's Complaint.

73.

Defendants deny the allegations of paragraph 73 of Plaintiff's Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

74.

Answering paragraph 74 of Plaintiff's Complaint, Defendants admit that the Clackamas County Sheriff's Office received a tort claims notice from Plaintiff dated November 27, 2017. Defendants deny the remaining allegations of paragraph 74.

75.

Answering paragraph 75 of Plaintiff's Complaint, Defendants reallege their answers to paragraphs 1 through 74 set forth above and incorporate those paragraphs by reference as if fully set forth herein.

76.

Answering paragraph 76 of Plaintiff's Complaint, Defendants admit that Plaintiff made an Internal Affairs complaint against Detective Green on February 27, 2015 alleging misconduct on the part of Detective Green, but Plaintiff never reported criminal misconduct on the part of Detective Green. Defendants deny the remaining allegations of paragraph 76.

77.

Defendants deny the allegations of paragraph 77 of Plaintiff's Complaint.

78.

Defendants deny the allegations of paragraph 78 of Plaintiff's Complaint.

79.

Defendants deny the allegations of paragraph 79 of Plaintiff's Complaint.

80.

Defendants deny the allegations of paragraph 80 of Plaintiff's Complaint.

81.

Plaintiff has omitted paragraph 81 and as a consequence Defendants have no response.

82.

Plaintiff has omitted paragraph 82 and as a consequence Defendants have no response.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

83.

Plaintiff has omitted paragraph 83 and as a consequence Defendants have no response.

84.

Plaintiff has omitted paragraph 84 and as a consequence Defendants have no response.

85.

Plaintiff has omitted paragraph 85 and as a consequence Defendants have no response.

86.

Plaintiff has omitted paragraph 86 and as a consequence Defendants have no response.

87.

Plaintiff has omitted paragraph 87 and as a consequence Defendants have no response.

88.

Plaintiff has omitted paragraph 88 and as a consequence Defendants have no response.

89.

Plaintiff has omitted paragraph 89 and as a consequence Defendants have no response.

90.

Defendants deny the allegations of paragraph 90 of Plaintiff's Complaint.

91.

Defendants deny the allegations of paragraph 91 of Plaintiff's Complaint.

92.

Defendants deny the allegations of paragraph 92 of Plaintiff's Complaint.

93.

Defendants deny the allegations of paragraph 93 of Plaintiff's Complaint.

94.

Answering paragraph 94 of Plaintiff's Complaint, Defendants reallege their answers to paragraphs 1 through 93 set forth above and incorporate those paragraphs by reference as if fully set forth herein.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

95.

Defendants deny the allegations of paragraph 95 of Plaintiff's Complaint.

96.

Defendants deny the allegations of paragraph 96 of Plaintiff's Complaint.

97.

Defendants deny the allegations of paragraph 97 of Plaintiff's Complaint.

98.

Defendants deny the allegations of paragraph 98 of Plaintiff's Complaint.

99.

Defendants deny the allegations of paragraph 99 of Plaintiff's Complaint.

100.

Defendants deny the allegations of paragraph 100 of Plaintiff's Complaint.

101.

Defendants deny the allegations of paragraph 101 of Plaintiff's Complaint.

102.

Defendants deny the allegations of paragraph 102 of Plaintiff's Complaint.

103.

Defendants deny the allegations of paragraph 103 of Plaintiff's Complaint.

104.

Defendants deny the allegations of paragraph 104 of Plaintiff's Complaint.

105.

Answering paragraph 105 of Plaintiff's Complaint, Defendants reallege their answers to paragraphs 94 through 104 set forth above and incorporate those paragraphs by reference as if fully set forth herein.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

106.

Answering paragraph 106 of Plaintiff's Complaint, Defendants state that Plaintiff was informed that it was reported by a deputy that Plaintiff had suggested that the deputy seek other employment outside of the Clackamas County Sheriff's Office. Defendants deny the remaining allegations of paragraph 106.

107.

Defendants deny the allegations of paragraph 107 of Plaintiff's Complaint.

108.

Defendants deny the allegations of paragraph 108 of Plaintiff's Complaint.

109.

Defendants deny the allegations of paragraph 109 of Plaintiff's Complaint.

110.

Defendants deny the allegations of paragraph 110 of Plaintiff's Complaint.

111.

Answering paragraph 111 of Plaintiff's Complaint, Defendants state that the internal investigation directed against Plaintiff was resolved as not sustained. Defendants further state that Plaintiff was issued a counseling memo to be careful regarding his comments to coworkers. Defendants deny the remaining allegations of paragraph 111.

112.

Defendants deny the allegations of paragraph 112 of Plaintiff's Complaint.

113.

Defendants deny the allegations of paragraph 113 of Plaintiff's Complaint.

114.

Defendants deny the allegations of paragraph 114 of Plaintiff's Complaint.

115.

Defendants deny the allegations of paragraph 115 of Plaintiff's Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

116.

Defendants deny the allegations of paragraph 116 of Plaintiff's Complaint.

117.

Defendants deny the allegations of paragraph 117 of Plaintiff's Complaint.

118.

Answering paragraph 118 of Plaintiff's Complaint, Defendants reallege their answers to paragraphs 105 through 117 set forth above and incorporate those paragraphs by reference as if fully set forth herein.

119.

Answering paragraph 119 of Plaintiff's Complaint, Defendants admit that Plaintiff made an Internal Affairs complaint alleging misconduct by Defendant Green. Defendants deny the remaining allegations of paragraph 119.

120.

Answering paragraph 120 of Plaintiff's Complaint, Defendants state that Defendant Ellington filled out an F-4 Form with DPSST (not DPST) regarding Detective (not Deputy) Green's retirement. At the time the form was completed, Detective Green was not under criminal investigation. Defendants deny that Defendant Ellington made any false declaration and deny the remaining allegations of paragraph 120.

121.

Answering paragraph 121 of Plaintiff's Complaint, Defendants admit that Plaintiff filed a public information request with DPSST (not DPST) to obtain the F-4 Form filed by Defendant Ellington regarding Detective Green. Defendants deny the remaining allegations of paragraph 121.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

122.

Answering paragraph 122 of Plaintiff's Complaint, Defendants admit that Plaintiff in a meeting with Defendants Ellington and Roberts showed them a copy of the F-4 Form, but Defendants deny the remaining allegations of paragraph 122.

123.

Answering paragraph 123 of Plaintiff's Complaint, Defendants admit that Plaintiff in a meeting with Defendants Ellington and Roberts showed them a copy of the F-4 Form, but Defendants deny the remaining allegations of paragraph 123.

124.

Defendants deny the allegations of paragraph 124 of Plaintiff's Complaint.

125.

Defendants deny the allegations of paragraph 125 of Plaintiff's Complaint.

126.

Defendants deny the allegations of paragraph 126 of Plaintiff's Complaint.

127.

Defendants deny the allegations of paragraph 127 of Plaintiff's Complaint.

128.

Defendants deny the allegations of paragraph 128 of Plaintiff's Complaint.

129.

Defendants deny the allegations of paragraph 129 of Plaintiff's Complaint.

130.

Defendants deny the allegations of paragraph 130 of Plaintiff's Complaint.

131.

Defendants deny the allegations of paragraph 131 of Plaintiff's Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

132.

Answering paragraph 132 of Plaintiff's Complaint, Defendants reallege their answers to paragraphs 118 through 131 set forth above and incorporate those paragraphs by reference as if fully set forth herein.

133.

Answering paragraph 133 of Plaintiff's Complaint, Defendants admit that ORS 659A.030 provides certain protections to employees subject to meeting the requirements of the law but deny that Plaintiff has met the requirements of those statutes and deny the remaining allegations of paragraph 133.

134.

Defendants deny the allegations of paragraph 134 of Plaintiff's Complaint.

135.

Answering paragraph 135 of Plaintiff's Complaint, Defendants admit that Plaintiff is qualified for his current position (sergeant) and that he has received two promotions during the course of his employment at CCSO, but Defendants deny the remaining allegations of paragraph 135.

136.

Defendants deny the allegations of paragraph 136 of Plaintiff's Complaint.

137.

Defendants deny the allegations of paragraph 137 of Plaintiff's Complaint.

138.

Defendants deny the allegations of paragraph 138 of Plaintiff's Complaint.

139.

Defendants deny the allegations of paragraph 139 of Plaintiff's Complaint.

140.

Defendants deny the allegations of paragraph 140 of Plaintiff's Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

141.

Defendants deny the allegations of paragraph 141 of Plaintiff's Complaint.

142.

Defendants deny the allegations of paragraph 142 of Plaintiff's Complaint.

143.

Answering paragraph 143 of Plaintiff's Complaint, Defendants reallege their answers to paragraphs 132 through 142 set forth above and incorporate those paragraphs by reference as if fully set forth herein.

144.

Defendants deny the allegations of paragraph 144 of Plaintiff's Complaint.

145.

Defendants deny the allegations of paragraph 145 of Plaintiff's Complaint.

146.

Defendants deny the allegations of paragraph 146 of Plaintiff's Complaint.

147.

Defendants deny the allegations of paragraph 147 of Plaintiff's Complaint.

148.

Defendants deny the allegations of paragraph 148 of Plaintiff's Complaint.

149.

Defendants deny the allegations of paragraph 149 of Plaintiff's Complaint.

150.

Defendants deny the allegations of paragraph 150 of Plaintiff's Complaint.

151.

Answering paragraph 151 of Plaintiff's Complaint, Defendants reallege their answers to paragraphs 143 through 150 set forth above and incorporate those paragraphs by reference as if fully set forth herein.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

152.

Answering paragraph 152 of Plaintiff's Complaint, Defendants state that Plaintiff's statements are merely rhetoric to which no response is required; however, to the extent a response is required, Defendants admit that police work can be dangerous and that the Clackamas County Sheriff's Office provides a public law enforcement service on behalf of Clackamas County and enforces the laws of the state of Oregon and the United States.

153.

Answering paragraph 153 of Plaintiff's Complaint, Defendants admit that ORS 654.305 provides:

> Generally, all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees or the public shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.

154.

Answering paragraph 154 of Plaintiff's Complaint, Defendants admit that CCSO has a duty to enforce the laws of Oregon. Defendants deny the remaining allegations of paragraph 154 in that the allegations are too vague and do not identify the policies of Clackamas County that CCSO has a duty to enforce.

155.

Defendants deny the allegations of paragraph 155 of Plaintiff's Complaint.

156.

Defendants deny the allegations of paragraph 156 of Plaintiff's Complaint.

157.

Defendants deny the allegations of paragraph 157 of Plaintiff's Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

158.

Defendants deny the allegations of paragraph 158 of Plaintiff's Complaint.

159.

Defendants deny the allegations of paragraph 159 of Plaintiff's Complaint.

160.

Defendants deny the allegations of paragraph 160 of Plaintiff's Complaint.

161.

Defendants deny the allegations of paragraph 161 of Plaintiff's Complaint.

162.

Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming Plaintiff's burden of proof, Defendants set forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(First Claim, Count 1 (Failure to State a Claim Against CCSO: Retaliation for Whistleblowing Criminal Conduct))**

163.

Plaintiff fails to state a claim for relief under Count 1 of his First Claim for Relief alleging that CCSO has retaliated against Plaintiff for whistleblowing criminal conduct under ORS 659A.199 et seq.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## SECOND AFFIRMATIVE DEFENSE

**(First Claim, Count 2 (Failure to State a Claim Against CCSO: Retaliation for Reporting Sexual Harassment-Hostile Environment))**

164.

Plaintiff fails to state a claim for relief under Count 2 of his First Claim for Relief alleging that CCSO has retaliated against Plaintiff for reporting sexual harassment-hostile environment under ORS 659A.199 et seq.

## THIRD AFFIRMATIVE DEFENSE

**(First Claim, Count 3 (Failure to State a Claim Against CCSO: Retaliation for Reporting Unlawful Employment Practices))**

165.

Plaintiff fails to state a claim for relief under Count 3 of his First Claim for Relief alleging that CCSO has retaliated against Plaintiff for reporting unlawful employment practices under ORS 659A.199 et seq.

## FOURTH AFFIRMATIVE DEFENSE

**(First Claim, Count 4 (Failure to State a Claim Against CCSO: Aiding and Abetting Retaliation for Reporting Illegal Conduct by Defendant Ellington))**

166.

Plaintiff fails to state a claim for relief under Count 4 of his First Claim for Relief alleging that CCSO and Ellington have engaged in aiding and abetting retaliation for reporting illegal conduct by Ellington under ORS 659A.199 et seq.

## FIFTH AFFIRMATIVE DEFENSE

**(Second Claim (Discrimination, Harassment and Hostile Work Environment))**

167.

Plaintiff fails to state a claim for relief under his Second Claim for Relief alleging discrimination, harassment, and hostile work environment against Defendants under ORS 659A.130 et seq and 42 U.S.C.A. § 2000e et seq.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

**SIXTH AFFIRMATIVE DEFENSE**

**(Third Claim, Count 1 (Intentional and/or Reckless Infliction of Emotional Distress))**

168.

Plaintiff fails to state a claim for intentional and/or reckless infliction of emotional distress against Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Third Claim, Count 2 (Negligent Infliction of Emotional Distress))**

169.

Plaintiff fails to state a claim for negligent infliction of emotional distress against Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Doctrine of Laches)**

170.

Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Oregon Tort Claims Act)**

171.

Some of Plaintiff's claims are barred in that Plaintiff has failed to provide timely notice of alleged tort claims as required by ORS 30.275.

**TENTH AFFIRMATIVE DEFENSE**

**(Damage Cap Under Oregon Tort Claims Act)**

172.

Plaintiff's claims for damages are barred to the extent that they exceed the statutory cap for damages under the Oregon Tort Claims Act.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Immunity)**

173.

Some or all of Plaintiff's claims are barred by the doctrine of immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Discretionary Immunity)**

174.

Some of Plaintiff's claims are barred by the doctrine of discretionary immunity including actions and decisions of individual defendants made within the scope of their employment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

175.

Some of Plaintiff's claims are barred by the doctrine of qualified immunity which protects government officials from federal claims for damages alleging they violated Plaintiff's rights where the law they are alleged to have violated is not clearly established.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statements Made Pursuant to Official Duties Do Not State a Claim)**

**176.**

Some or all of Plaintiff's claims are not actionable as they constitute statements made pursuant to Plaintiff's official duties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Party)**

177.

Plaintiff has failed to name or join an indispensable party or parties to the present action.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Improper Party Named in Action)**

178.

Proper relief cannot be accorded between the parties currently named in this action because Plaintiff has named as a Defendant an incorrect or improper party, against whom no proper relief may be granted.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

179.

Some of Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Separation of Powers)**

180.

Plaintiff seeks improper injunctive relief in the form of a promotion which cannot be properly afforded by this Court, as it would require that the Court usurp the discretion afforded to an arm of local government.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

181.

Plaintiff's alleged damages are, in whole or in part, barred by the doctrine of unclean hands, as Plaintiff's own conduct either caused or contributed to some or all of his alleged damages.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Punitive Damages Not Allowed)**

182.

Plaintiff's request for punitive damages is explicitly barred by the Oregon Tort Claims Act.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

183.

Plaintiff has failed to mitigate his damages, and therefore cannot recover excess damages caused by his failure to mitigate.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Right to Add Additional Affirmative Defenses)**

184.

Defendant reserves its right to allege additional affirmative defenses and to add counterclaims should they become apparent during discovery.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Justification)**

185.

The conduct of Plaintiff, including any alleged retaliatory or negative action taken against Plaintiff in his official capacity was legally justified.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Actual Injury)**

186.

Plaintiff has suffered no actual injury, and therefore states insufficient claims upon which no relief can properly be granted.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Entitlement to Fees, Costs, and Expenses)**

187.

Plaintiff is not entitled to attorney fees, expert witness fees, costs, or expenses.

WHEREFORE, Defendants pray for judgment as follows:

(1) That Plaintiff's claims be dismissed with prejudice;

(2) That judgment be entered in favor of Defendants on all of Plaintiff's claims and that Plaintiff recover nothing;

(3) That Defendants be awarded reasonable attorneys' fees and reasonable expert witness fees;

(4) That Defendants be awarded their costs, disbursements, and expenses;

(5) That Defendants be awarded such other relief as the Court may deem just and equitable.

DATED this 24th day of May, 2018.

BARRAN LIEBMAN LLP

By *s/Richard C. Hunt*

Richard C. Hunt, OSB No. 680770
rhunt@barran.com
Edwin A. Harnden, OSB No. 721129
eharnden@barran.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of May 2018, I served the foregoing **ANSWER OF DEFENDANTS** on the following parties:

Randy J. Harvey
Bassinger & Harvey
21887 SW Sherwood Blvd., Suite B
P. O. Box 1309
Sherwood, OR 97140

(Attorney for Plaintiff)

by the following indicated method(s) set forth below:

☒ **Electronic Filing using the Court's ECF System**

☐ **Email**

☐ **Facsimile**

☒ **First-class mail, postage prepaid**

☐ **Hand-delivery**

☐ **Overnight courier, delivery prepaid**

*s/Richard C. Hunt*

Richard C. Hunt



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212